### John G. Myer v. Franklin Hart.

*Attorney's fees in mortgages.*

The provision for an attorney's fee in a mortgage cannot be enforced upon a statutory foreclosure unless an actual sale is made, if at all.

Printer's fees cannot be charged on statutory foreclosure if the advertisement is withheld from publication and payment is tendered on the mortgage meanwhile.

A provision for an attorney's fee in a promissory note is void.

A stipulation in a contract for grossly excessive damages is void.

Parties cannot by stipulation avoid that principle of law and public policy which aims to limit compensation for injuries to a just amount and no more.

Parties can carry out any agreement they please that does not affect the rights of others or of the public, but cannot expect it to be enforced, if unconscionable.

The penalty for refusing to discharge a mortgage is imposed only for a wrongful refusal, and not for one made in good faith by advice of counsel and under a mistake as to one's legal rights.

Costs were not allowed where the question was novel, and the losing party acted in good faith on advice of counsel and under a mistake as to his legal rights.

Appeal from St. Clair. Submitted January 31. Decided April 9.

Bill to set aside a mortgage sale. Complainant appeals.

*V. A. Saph* and *O'Brien J. Atkinson* for complainant. Publishing a defective foreclosure notice once does not entitle the mortgagee to the attorney fee, *Collar v. Harrison*, 30 Mich., 66; mere printing is not necessarily publication, *Hinchman v. Barns*, 21 Mich., 556; an attorney's fee stipulated for in a mortgage, cannot be collected on foreclosure, *Bullock v. Taylor*, 39 Mich., —; *Schmidt v. Potter*, 35 Iowa, 426.

*D. C. Huntoon* and *C. I. Walker* for defendant. When

proceedings to foreclose are begun, the mortgagee is legally entitled to a reasonable attorney fee, *Sage v. Riggs*, 12 Mich., 313; drawing the advertisement for foreclosure should be an item in the fee bill, Thomas on Mortgages, 421; *Allen v. Robbins*, 7 R. I., 42; *Hurd v. Coleman*, 42 Me., 191; *Rawson v. Hall*, 56 Me., 142; *Varnum v. Meserve*, 8 Allen, 158; 2 Jones on Mortgages, §§ 901, 923–5.

MARSTON, J. May 10, 1875, complainant made and delivered to defendant his promissory note for fifty dollars, payable six months after date with ten per cent. interest, and to secure payment thereof he executed and delivered a mortgage upon certain real estate. This mortgage contained a clause, " that as often as any proceeding is taken to foreclose this mortgage, either by virtue of the power of sale herein contained, or in chancery, or in any other manner provided by law, said first parties shall pay party of the second part twenty dollars, as a reasonable solicitor or attorney's fee therefor, in addition to all other legal costs."

The note not having been paid, Mr. Hart on December 11, 1876, placed it with the mortgage in his attorney's hands with instructions to collect the same by a foreclosure of the mortgage. On the next day the attorney wrote a statutory notice of sale and sent the same to a newspaper office. On the 14th of December, being the first publication day of the paper after the notice was sent in, he went to the newspaper office and ascertained that the notice was in type and locked in the form for printing. He then requested the publisher of the paper to take out this notice, as he did not want to begin the publication that week. On the 15th, proof of the notice was sent to the attorney, who corrected and returned the same to the publisher, with a request that the same should not be published until farther notice. The amount claimed to be due in this notice at the date thereof, December 15th, 1876, for principal and interest, was $58.19.

December 16th, 1876, the complainant, who was mortgagor, tendered to the mortgagee, defendant herein, the sum of $58.25 and requested him to discharge the mortgage. This was not accepted. The parties then went to the attorney's office, who informed them that the notice of sale was in type, and that he was thereby entitled to the full attorney's fee of $20 and the printer's costs, $4.88, but offered to accept $10 in full of both attorney's and printers' fees if paid that day.

This amount not having been paid, the property was advertised, sold and bid in by the mortgagee.

The mortgagor then commenced the proceedings in this case in chancery, asking that such mortgage sale be set aside as void, and the premises be released from the mortgage lien, and also that defendant be decreed to pay the statutory penalty of one hundred dollars for his refusal to discharge the mortgage at the time the tender was made and the discharge presented to him for execution.

In the bill of complaint it is set forth that at the time the note was given, the amount loaned him was not fifty, but forty dollars, while defendant in his answer asserts that the amount loaned was forty-five dollars.

While it is not clear beyond all doubt, yet in accordance with the weight of evidence, we find that the amount loaned was forty-five dollars. This would make the amount due at the date of the tender $52.39, exclusive of attorney's fee or costs. We are also of opinion that no printer's fees for setting up the advertisement could be allowed. It may be true that the publisher of the newspaper would have a valid claim against the mortgagee for what had been done, but the attorney withheld the publication for one week. He might have postponed the publication of the notice indefinitely, or for one month or six months or even for a longer period, in either of which events it certainly could not be claimed that the cost of setting up a notice thus withheld could be charged to the mortgagor should he, during the interim,

and before an actual publication of the notice had taken place, offer to pay the amount due upon the mortgage.

The amount tendered was therefore sufficient to satisfy the amount due upon the mortgage, unless the mortgagee was entitled to the attorney's fees provided for therein.

Admitting for the present that the preparation of the notice of sale in good faith by the attorney was such a commencement of proceedings within the meaning of the terms of the mortgage, as would entitle him to claim the attorney's fee provided for therein, it still remains to be considered whether a payment of the amount thereof could be insisted upon. It is true that a custom has grown up to insert in mortgages a provision for the payment of an attorney's fee, in case proceedings are commenced to foreclose the same, and that the Legislature and members of the bar have apparently acquiesced therein. This, however, is not entitled to very much weight, as mortgagors found it more profitable to pay the demand than test its validity in the courts, so that no very great attention has ever been called to the matter. If parties can stipulate for such a fee and fix the amount thereof, it is very evident that the greatest hardship and oppression may be practiced.

There are but few loans made where the debtor does not expect and hope to be able to pay the amount thereof when the same becomes due. Nor do men usually loan money under the supposition that the same will not be paid at maturity. To this there undoubtedly are exceptions.

Under such circumstances no serious objection is made by the borrower to the insertion of a clause in the mortgage providing for an attorney's fee, or to the amount thereof, as he does not expect that such clause will ever become operative. It is also true that in some cases the borrower is at the mercy of the lender, and will consent to any terms proposed in order to secure the desired loan. Even if we admit the validity of such a provision, should it not be fixed at some reasonable sum,

in view of the amount of the loan and the services performed?

In foreclosures by advertisement, there must in some cases be much more labor for an attorney to perform than in others, even in cases where the amount secured is the same. If, therefore, the reason for inserting such a provision is to provide a fair recompense for the services actually to be performed, it is evident that no definite fixed sum could be agreed upon in all such cases. Then again, take two cases where the amount secured in each was the same, and where the labor in foreclosing and the value of the services therefor should be the same: in one case upon the first publication of the notice of sale, the amount due is paid; in the others the proceedings are permitted to continue to a sale. Should the attorney's fee in each case be the same? Clearly we think not. Take this case by way of illustration. Here the notice was prepared, taken to the newspaper office, proofs read and corrected; for such services the party is to receive the same amount as an attorney's fee that he would have, no matter how many postponements there may have been, or what other and farther services may have been performed, before the claim was satisfied. To fix the value of services in such an arbitrary manner could not be done upon any fair, reasonable or equitable basis. If after the termination of the proceedings, either by a payment or sale of the premises, the mortgagee should, without any reference to the attorney's fee provided for in the mortgage, or where the mortgage did not provide for any, call and offer to settle with his attorney for the services performed, he would insist that he should not pay quite so much where no greater service had been performed than in this case, as in another like case where the property was sold. The result therefore is that the attorney's fee is agreed upon arbitrarily by the mortgagee and his attorney, as the measure of the latter's services, whether it shall turn out to be more than a fair recompense or less; or in some cases the

40 MICH.—56.

mortgagee must pay less than the amount provided for, and pocket the difference. There is another feature inseparable from such a provision. It hastens the commencement of proceedings, in order that the attorney's fee may be claimed.

It may be said that the mortgagee in making a loan of money has the right to so secure himself, that in case the amount is not paid at maturity he may be able to enforce collection without loss.

Such, however, is not the theory upon which the law proceeds. There is a certain class of expenses fixed, not by the agreement of the parties, but by statute or rule of court, which the successful party always receives in full. Not so, however, as to the amount paid his attorney. He may, by statute or rule, be allowed an attorney's fee, but the same is definitely fixed, and even here the amount is greater where there has been a trial than where there has not been. But all these are risks which the party loaning money must assume. In some cases the risk must be greater than in others. This the law permits him to provide against by a higher rate of interest, and although in some cases even the highest rate permitted would not be sufficient to .cover the risk, yet the law will not enforce an agreement for a higher rate by way of indemnity.

In this case the amount loaned was $45 for six months with ten per cent. interest. At the expiration of this time, the mortgagee at once could have commenced proceedings to foreclose, and thus in addition to all other costs, have added this attorney's fee, even although he might not have obligated himself to pay, or paid one dollar as an attorney's fee. If, then, the amount of the note, interest thereon, costs, and attorney's fee had been paid the day following the commencement of such proceedings, the mortgagee would have received the amount actually loaned with interest thereon at the rate of one hundred and twenty per cent. per annum. Had there been no mortgage security in this case, and a like attor-

ney's fee had been inserted in the note, it could not have been enforced, as we have lately held. *Bullock v. Taylor*, 39 Mich.

So parties contracting are not permitted to stipulate and fix the measure of damages that shall be recovered in case of a breach of the contract, grossly in excess of what the damages should actually appear to be. Just compensation for the injury sustained is the principle at which the law aims, and the parties will not be permitted, by express stipulation, to set this principle aside. *Jaquith v. Hudson*, 5 Mich., 123. Other instances might be given. To permit the parties to agree upon any attorney's fee they should think proper to insert in a mortgage, payable in full whether much or little should be done towards the foreclosure thereof, would be in violation of the rule of just compensation, and contrary to well-settled principles of public policy. Parties may make and carry out any agreement they please which does not affect the public or the rights of third persons, but in case of dispute they must not expect the courts to enforce any unconscionable bargain they may have thought proper to make.

If the creditor can insert such a provision in a mortgage and enforce performance thereof, why not insert a clause that if the debt is not paid at maturity, for every letter he shall write his debtor demanding payment, and for every time he shall call upon his debtor to demand payment, he shall receive a definite fixed sum?

It may be said, however, that the attorney's fee as agreed upon, if reasonable, should, where the property has actually been sold, be allowed, and a proportionate amount thereof where steps have. been taken and payment made before sale. There is force in such a view, yet there are serious difficulties in the way, where the mortgaged premises have not been sold. The proceedings are not in court; there is no way provided for taxing such attorney's fee or fixing the *pro rata* amount

that should be paid, and the debtor, if he desired to tender the amount due, after proceedings had been commenced but before sale, would have no means of ascertaining the exact amount of the attorney's fee to be paid, and could not, therefore, with any reasonable degree of certainty, make a tender of the amount due and costs then accrued.

In the absence of legislation upon this subject, there is no way in which the attorney's fee provided for in this mortgage can be apportioned, and we are clearly of opinion that the full amount thereof could only be insisted upon, if at all, in case the property had been sold under the statute.

The amount tendered was more than sufficient to pay the amount due, and the mortgagee should have executed a discharge.

It does not necessarily follow, however, that the statutory penalty can be allowed. The mortgagee although mistaken as to his legal rights, yet was acting in good faith under the advice of counsel. The penalty is allowed as a punishment for a wrongful refusal to discharge, and not for a refusal under a mistaken apprehension of right.

As both parties acted upon a wrong assumption, yet apparently in good faith, the present should be treated as a bill to redeem, but for no other purpose.

The complainant should have ninety days to redeem the premises upon payment of $52.39 with interest thereon from December 16th, 1876, in accordance with the act of 1869 (1 Sess. L. 1869, p. 12), but without costs to either party, and the decree below will be modified accordingly.

The other Justices concurred.