FREDERICK W. KITTERMASTER, EXECUTOR, ETC., v. HUBERT BROSSARD AND ANNIE BROSSARD.

*Mortgage—Chancery foreclosure—Solicitor's fees.*

1. Provisions for attorney's and solicitor's fees in mortgages, except where expressly sanctioned by statute, are void.[1]

2. The equity court has no power to enforce an agreement in a mortgage for the payment, in case of foreclosure in that court, of a specified sum of money as a reasonable solicitor's or attorney's fee therefor, in addition to all other legal costs.

---

[1] 3 How. Stat. § 8515a, provides that in all cases of foreclosure of a mortgage upon real estate by advertisement, where an attorney and counselor at law is employed to foreclose the same, an attorney's fee, not exceeding the amount provided for, if any, in the mortgage being foreclosed, may be included as a part of the costs, as follows: For all sums of $500 or less, $15; for all sums over $500, and not exceeding $1,000, $25; for all sums over $1,000, $35,—which sums shall include the principal and interest due on said mortgage; that if payment is made after foreclosure proceedings are commenced, and before sale is made, one half of such attorney's fee shall be collected.

For cases bearing upon the question, see *Wilkinson v. Estate of Baxter*, 97 Mich. 536, and note.

3. How. Stat. § 6623, authorizes the Supreme Court to establish rules of practice for the circuit courts in chancery with a view, among other things, to the diminishing of costs; and Chancery Rule No. 90 regulates the imposition of costs, and restricts the power of the circuit courts within the limits set forth in the rule.

Appeal from Wayne. (Frazer, J.) Submitted on briefs April 17, 1895. Decided April 30, 1895.

Bill to foreclose a mortgage. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Walker & Walker*, for complainant.

HOOKER, J. Complainant appeals from a *pro confesso* decree of foreclosure, and the only question raised by the record is his right to have the decree increased by including a fee of $40, provided for by the following clause in the mortgage:

"And it is further expressly agreed that as often as any proceeding is taken to foreclose this mortgage, either by virtue of the power of sale herein contained or in chancery, or in any other manner provided by law, said first parties shall pay said second party *forty dollars*, as a reasonable solicitor or attorney fee therefor, in addition to all other legal costs, and will keep said mortgaged premises insured for the benefit of said second party."

It seems to be the settled law of Michigan that provisions for attorney's fees in instruments are void, except where expressly sanctioned by statute. This rule is asserted in cases of stipulated attorney's fees in promissory notes in the case of *Bullock v. Taylor*, 39 Mich. 137, where such provisions were held void, as a stipulation for a penalty, and opposed to the policy of our laws as to attorney's fees. See, also, *Wright v. Traver*, 73 Mich. 495. Numerous cases support the rule as applied to stipulations for attorney's and solicitor's fees in mortgages. *Van Marter v. McMillan*, 39 Mich. 304; *Myer v. Hart*, 40 Id. 517; *Canfield v. Conkling*, 41 Id. 371; *Parks v. Allen*,

42 Id. 482; *Vosburgh v. Lay*, 45 Id. 455; *Millard v. Truax*, 47 Id. 251, 50 Id. 343; *Kennedy v Brown*, 50 Id. 336; *Saye v. Riggs*, 12 Id. 313; *Hardwick v. Bassett*, 29 Id. 17; *Damon v. Deeves*, 62 Id. 465; *Louder v. Burch*, 47 Id. 111; *Botsford v. Botsford*, 49 Id. 31.

It is contended that a court of equity may impose a reasonable solicitor's fee, as has been done by this Court in cases cited.[1] How. Stat. § 6623, authorizes the Supreme Court to establish rules of practice for the circuit courts in chancery with a view to "the diminishing of costs," among other things. Such rules have been made, and Chancery Rule No. 90 regulates the imposition of costs, and restricts the power of the circuit courts. Several of the cases cited deny the validity of agreements, by parties, for larger costs than those provided by law. We think that the cases cited clearly settle the law of this State upon the subject before us, and that the complainant was not entitled to the fee claimed. The United States Supreme Court has taken the same view of the Michigan cases. See *Bendey v. Townsend*, 109 U. S. 665.

The decree of the circuit court must be affirmed.

The other Justices concurred.

[1] See *Perrin v. Lepper*, 72 Mich. 454; *Barnes v. Marshall*, 102 Id. 248.