COOPER *v.* LABUDA.

1. APPEAL AND ERROR—RIGHT TO APPEAL.
   The right to appeal is determined not by the form of the order or decree but by its effect.

2. SAME—FORECLOSURE OF CHATTEL MORTGAGE—SUBROGATION.
   Decree foreclosing chattel mortgage, which made a final disposition of questions of plaintiff's right of foreclosure and of defendant's subrogation and fixed the basis for determining the exact amount of subrogation was a final and appealable decree.

3. SAME—DELAYED APPEAL.
   After the lapse of more than one year and six months from the entry of a decree a delayed appeal therefrom cannot be allowed (3 Comp. Laws 1929, § 15510; Court Rule No. 57, § 3 [1933]).

Appeal from Wayne; Carr (Leland W.), J., presiding. Submitted January 4, 1944. (Docket No. 12, Calendar No. 42,300.) Decided April 4, 1944.

Bill by Virginia Cooper against Frank J. LaBuda and another to foreclose a chattel mortgage and for

appointment of receiver. Decree entered. Plaintiff appeals. Appeal dismissed.

*Samuel H. Rubin* and *Samuel W. Barr,* for plaintiff.

*Samuel S. Willis,* for defendant.

Bushnell, J. Plaintiff Virginia Cooper is the mortgagee in a chattel mortgage, executed by Frank J. LaBuda as mortgagor on November 4, 1938. This mortgage was given to secure the payment of a promissory note in the sum of $500, with 6 per cent. interest thereon. The mortgage was duly recorded and covers personal property located in a beer tavern then owned and operated by LaBuda.

Subsequently one Fred Teichman, Jr., became La-Buda's partner, the venture was unsuccessful, La-Buda filed a bill in chancery for the dissolution of the partnership, and a receiver was appointed. The partnership had a number of creditors, some of whom had liens on the partnership property superior to that of plaintiff. In addition, the State, county and city also had liens for unpaid taxes. On April 28, 1939, the court, after notice to creditors, authorized the receiver to sell the physical assets at private sale at a price of not less than $2,300, and to execute and deliver an assignment of the State liquor license to the purchaser. The defendant, Fred Teichman, Sr., who owns the building in which the tavern is located, was the purchaser at the sale.

Sometime after the judicial sale of the partnership assets, plaintiff sought foreclosure of her chattel mortgage in equity. A decree was entered on May 15, 1941, in which it was determined that plaintiff had a valid mortgage on the personalty enumerated therein in the amount of $575. This decree further

provided that defendant Fred Teichman, Sr., was "subrogated to the rights of various prior lienholders to the extent of the amount advanced" by him in payment of these liens. The decree also contained an order of reference of the matter to a circuit court commissioner for the sole "purpose of determining the exact amount due Fred Teichman, Sr."

No appeal was taken by plaintiff from this decree. The matter was referred, objections were filed to the findings and recommendation of the commissioner; on motion of the defendant the findings were stricken, and the commissioner's report vacated. After the filing of a written stipulation of the parties as to the exact amounts of the several liens, a second decree was entered on November 12, 1942, in which the recitals and determinations of the decree of May 15, 1941, were repeated and the exact amount of defendant's subrogation fixed. The decree of November 12, 1942, differs from the decree of May 15, 1941, only in that the 1942 decree establishes the amount plaintiff shall pay defendant for the prior liens to which defendant was subrogated by the 1941 decree.

Plaintiff did not appeal from the 1941 decree, but has appealed from the 1942 decree, asserting that defendant as a purchaser at a judicial sale is not entitled to be subrogated to prior liens, and that his action was in effect a fraudulent attempt to wipe out mortgage liens. Defendant asks that plaintiff's appeal be dismissed because the decree of May 15, 1941, was a final and appealable one in which the only question left for future determination was the amount of the prior liens, and that plaintiff, by her appeal filed November 17, 1942, can only question (which she does not) the correctness of the amounts of the several liens in question.

For the sake of clarity the two decrees are printed in the margin hereof.*

Decision turns on whether the decree entered May 15, 1941, was a final and appealable one.

Prior to *Webber* v. *Randall*, 89 Mich. 531, "there appears to be some little confusion in the cases as to what is a final decree." In that case the court held that a decree which settled the rights of both parties and left nothing further to be done than to determine the amount due complainant upon an accounting made upon a basis fixed by such decree was final and appealable. See, also, *Perrin* v. *Lepper*, 72 Mich. 454, 541.

In *Hake* v. *Coach*, 105 Mich. 425, involving a partnership accounting, a decree was made adjudging the rights of the parties and ordering a reference to a special commissioner to state an account. Coach

---

\*

DECREE

"At a session of said court held in the Wayne county building, Detroit, Michigan, on the 15th day of May, A.D. 1941.

"Present: Honorable Leland W. Carr, circuit judge.

"The plaintiff, Virginia Cooper, having filed her bill of complaint seeking the foreclosure of a chattel mortgage, and answer having been filed thereto, and testimony having been taken, the court having heard Samuel H. Rubin in behalf of the plaintiff, and Clarence 'C. Donovan in behalf of defendant, Fred Teichman, Sr.; this court does find:

"1. That the plaintiff, Virginia Cooper, has a good, valid and subsisting chattel mortgage covering the following described property.

| | |
|---|---|
| 1 | 37-ft. front bar, mahogany |
| 1 | 24-ft. back bar, mahogany |
| 1 | 24-ft. work bench |
| 1 | Temprite refrigerating system |
| 1 | Pre-cooler refrigerator |
| 1 | Universal refrigerator, 6 ft. |
| 21 | wood walnut tables |
| 84 | wood walnut chairs |
| 4 | walnut booths |
| 1 | National cash register |
| 1 | air compressor |
| 6 | Neon signs |

"Curtains and any and all other items of equipment now on the said premises and used in connection with the aforesaid business, including all kitchen utensils, glasses, et cetera which property is lo-

appealed and Hake moved to dismiss the appeal. The court, in holding the decree appealable and denying Hake's motion, said:

"In the decree in the present case the defendant is deprived of a substantial right if his claim is supported by the evidence taken. Under his answer and cross bill, he claims that he is entitled to all the profits made upon a certain transaction, and that he is also entitled to all the interest in certain lands or the timber on certain lands which he purchased individually, and for his individual use. The order or decree of the circuit court makes final disposition of these questions, and directs an accounting thereon."

In *Commissioner of Insurance* v. *Lloyds Insurance Co. of America, Inc.*, 287 Mich. 599, the problem was

---

cated at 3702 E. Forest avenue, Detroit, Wayne county, Michigan, and there is due and owing to the plaintiff the sum of $575, and the plaintiff is entitled to foreclosure thereof.

"2. Court further finds that the defendant, Fred Teichman, Sr., is subrogated to the rights of various prior lienholders to the extent of the amount advanced by the defendant, Fred Teichman, Sr., in payment of certain prior liens.

"It is ordered, adjudged and decreed that this matter be referred to William J. Cody, a circuit court commissioner for the county of Wayne, for the purpose of determining the exact amount due Fred Teichman, Sr., and;

"It is further ordered, adjudged and decreed that upon payment to the said Fred Teichman, Sr., of such amount found to be due by the circuit court commissioners, and after confirmation of his findings by the circuit court, the said Fred Teichman, Sr., shall deliver possession of the property hereinbefore described to the plaintiff herein, free and clear of any claims of the said Fred Teichman, Sr., or that said Fred Teichman, Sr., pay to said plaintiff within 10 days after report of the commissioner is filed, the sum of $575.

"It is further ordered, adjudged and decreed that upon the plaintiff herein obtaining possession of the said properties aforesaid, the circuit court commissioners aforesaid shall sell the same in the usual manner provided for the foreclosure of chattel mortgages, and out of the proceeds paid to the plaintiff the amount found to be due her under this decree, together with her costs and charges, and that the said circuit court commissioner make report thereof to court.

"LELAND W. CARR,
Circuit Judge."

again discussed and the rule repeated that "the right to appeal is determined not by the form of the order or decree but by its effect."

The first decree in the instant case made a final disposition of the questions of defendant's subrogation and plaintiff's right of foreclosure. It also fixed the basis for determining the exact amount of subrogation. The second decree only added thereto a determination of the amount due defendant. Therefore, the decree entered May 15, 1941, was a final and appealable one.

Can the present appeal, filed November 17, 1942, be considered as an application for delayed appeal from the decree of May 15, 1941?

---

DECREE

(Filed November 12, 1942)
(Title of Court and Cause)

"At a session of said court held in the Wayne County Building, Detroit, Michigan, on this 12th day of November, 1942, A.D.

"Present: Hon. Leland W. Carr, Wayne circuit judge.

"The plaintiff, Virginia Cooper, having filed her bill of complaint, seeking the foreclosure of a chattel mortgage, and the defendant, Fred Teichman, Sr., having filed answer thereto, in which the defendant, Fred Teichman, Sr., asserted that he did purchase all of the assets of the LaBuda Cafe at a temporary receiver's sale, authorized by the circuit court for the county of Wayne, and in which answer, the defendant, Fred Teichman, Sr., asserted that against the said property, there existed three mortgages superior to the mortgage of Virginia Cooper, and proofs having been taken in open court and counsel having appeared for respective parties, in court did on the 15th day of May, 1942, enter a decree finding:

"1.    That the plaintiff, Virginia Cooper, has a good, valid and subsisting chattel mortgage covering the following described property:

| | |
|---|---|
| 1 | 37-ft. front bar, mahogany |
| 1 | 24-ft. back bar, mahogany |
| 1 | 24-ft. work bench |
| 1 | Temprite refrigerating system |
| 1 | Pre-cooler refrigerator |
| 1 | Universal refrigerator, 6 ft. |
| 21 | wood walnut tables |
| 84 | wood walnut chairs |
| 4 | walnut booths |
| 1 | National cash register |
| 1 | air compressor |
| 6 | Neon signs |

"Curtains and any and all other items of equipment now on the said premises and used in connection with the aforesaid business, in-

Court Rule No. 57, § 3 (1933), provides that this court—"may in its discretion, *within such further time as may be permitted by law,* grant leave to appeal, upon showing, supported by affidavit, that there is merit in the claim for appeal and that the delay was not due to appellant's culpable negligence." (Italics ours).

See, also, Court Rule No. 72, § 1 (g) (1933).

The time permitted by law is fixed by 3 Comp. Laws 1929, § 15510 (Stat. Ann. 1943 Rev. § 27.2610), and provides that the time for perfecting an appeal shall not be extended for more than one year from the entry of the order or decree appealed from, and

---

cluding all kitchen utensils, glasses, et cetera which property is located at 3702 E. Forest, Detroit, Michigan, Wayne county, and that there is due and owing to the plaintiff, the sum of $575, and the plaintiff is entitled to foreclosure of the same.

"2. Finding that the defendant, Fred Teichman, Sr., is subrogated to the rights of various prior lienholders to the extent of the amount advanced by the defendant, Fred Teichman, Sr., and by the receiver in payment of certain prior liens.

"3. Referring this case to a circuit court commissioner, the provisions of said decree being made a part of this decretal order as if herein set forth verbatim.

"4. The circuit court commissioner having filed his report, that the said Fred Teichman, Sr., did not advance any sum or sums of money in payment of prior liens and objections having been filed by the Fred Teichman, Sr., to said report, wherein the said Fred Teichman, Sr., claimed that he paid to the receiver at a judicial sale, the sum of $2,300, and asking that he be subrogated to the rights of the prior lien holders to the extent of said $2,300 and this court having heard counsel does hereby:

"a. Overrule the recommendation of the circuit court commissioner, and overrule the objection filed by the defendant thereto, but finds as follows:

"b. That the plaintiff, Virginia Cooper, has a good, valid and subsisting chattel mortgage covering the following described property:

  1  37-ft. front bar, mahogany
  1  24-ft. back bar, mahogany
  1  24-ft. work bench
  1  Temprite refrigerating system
  1  Pre-cooler refrigerator
 21  wood walnut tables
 84  wood walnut chairs

"may be extended, not exceeding six months from the expiration" of one year, by this court. Obviously more than one year and six months had elapsed between the date of entry of the first decree and the date of filing the instant appeal. A delayed appeal cannot therefore be allowed.

The motion to dismiss plaintiff's appeal is granted, with costs to appellee.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.

---

    4  walnut booths  
    1  National cash register  
    1  air compressor  
    6  Neon signs  
"Curtains and any and all other items of equipment now on the said premises and used in connection with the aforesaid business, including all kitchen utensils, glasses, et cetera which property is located at 3702 E. Jefferson [Forest?] avenue, Detroit, Michigan, Wayne county, and there is due and owing to the plaintiff, the sum of $575 and the plaintiff is entitled to foreclosure thereof.

"c. That the defendant, Fred Teichman, Sr., purchased the assets known as the LaBuda Cafe, including a Class 'C' whisky license by the Michigan liquor control commission thereon, at a judicial sale and paid therefor the sum of $2,300 to the receiver.

"d. That the receiver paid out of the said $2,300, the following liens:

    M. L. Leacock        $465.79  
    Mercier and Clark      359.26  
    Jack Frank        432.01  

"e. That the Fred Teichman, Sr., after his purchase at judicial sale and confirmation thereof, paid 1938 city taxes, $91.59; sales tax, $125; county of Wayne tax, $43.45; and Lee Display Company for Neon signs, $115 to the foregoing names being superior liens to plaintiff's mortgage.

"f. This court does therefore order and adjudge that unless the defendants, Frank J. LaBuda and Fred Teichman, Sr., forthwith pay the plaintiff, Virginia Cooper, the sum of $575 and costs taxed at $42, the plaintiff, Virginia Cooper, is entitled to proceed to foreclosure of her mortgage hereinbefore set forth, provided, however, that the Fred Teichman, Sr., is subrogated to all of the sums hereinbefore set forth, and that upon payment of said sum hereinbefore set forth by the plaintiff to the said Fred Teichman, Sr., the said Fred Teichman, Sr., shall deliver to the plaintiff the property hereinbefore described, and that the same shall be foreclosed in accordance with law.

                 "LELAND W. CARR,  
                Circuit Court Judge."