UNITED GROWTH CORPORATION v KELLY MORTGAGE &
INVESTMENT CO.

Docket No. 77-3145. Submitted August 3, 1978, at Detroit.—Decided
September 21, 1978. Leave to appeal denied, 406 Mich —.

United Growth Corporation filed a complaint against Kelly Mort-
gage & Investment Co., Catsman Realty Company, Samuel M.
Catsman, and others, claiming Catsman Realty had breached
various agreements in connection with an apartment project
which was being constructed on land owned by Catsman ·
Realty, and to foreclose a mechanic's lien against the apart-
ments. Kelly Mortgage, which had financed the project by a
loan secured by a mortgage on the premises and by a personal
guarantee of Samuel M. Catsman, filed a cross-complaint for
foreclosure of its mortgage, naming all interested parties as
defendants. A summary judgment of foreclosure was granted to
Kelly Mortgage and Catsman requested the court to establish
an upset price for the foreclosure sale. Such a price was
established, a foreclosure sale was held but the court refused to
confirm the sale because of notice deficiencies, and subse-
quently a second foreclosure sale was held in which Kelly
Mortgage purchased the property. The Genesee Circuit Court,
Earl E. Borradaile, J., confirmed the sale, and Catsman and
Catsman Realty filed a motion to amend the judgment, alleging
that the upset price was inadequate. The motion was denied,
and Catsman and Catsman Realty appeal, alleging that the
trial court erred in using a forced sale valuation in determining
the upset price, and in denying the motion to increase the
upset price. *Held:*

1. The fact that a mortgage foreclosure sale is held under
compulsion is a proper element for a court to consider when
arriving at an upset price.

2. Denial of the motion to amend was proper. There is no ·

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur 2d, Mortgages §§ 662, 667, 673.
[2] 55 Am Jur 2d, Mortgages § 673.
[3] 55 Am Jur 2d, Mortgages §§ 662, 675.
[4] 55 Am Jur 2d, Mortgages § 666.
[5, 6] 55 Am Jur 2d, Mortgages §§ 625-629, 758.

statutory provision expressly permitting amendment of an upset price subsequent to a sale, and the facts stated in the motion were neither found in the record nor supported by affidavits as required by court rule.

3. The trial court erroneously denied assessment of attorneys' fees to the mortgagee where the agreements between the parties expressly permitted payment of such fees in the event of foreclosure.

Affirmed in part, and remanded for determination of attorneys' fees to be awarded.

1. MORTGAGES—FORECLOSURE—SALE PRICE—COMPULSION.

The fact that a mortgage foreclosure sale is made under compulsion is a proper consideration for the court in analyzing the fairness of the foreclosure sale price.

2. MORTGAGES—FORECLOSURE—SALE PRICE—INADEQUACY OF PRICE.

Mere inadequacy of price does not justify a court's refusal to confirm a mortgage foreclosure sale.

3. MORTGAGES—FORECLOSURE—UPSET PRICE—STATUTES.

Mortgage foreclosure proceedings are strictly statutory and there is no provision in the statute expressly permitting amendment of the upset price subsequent to a sale (MCL 600.3155; MSA 27A.3155).

4. MORTGAGES—FORECLOSURE—CONFIRMATION OF SALE—MOTION TO AMEND JUDGMENT—COURT RULES.

A trial court properly denied a motion to amend a judgment confirming a mortgage foreclosure sale where the facts stated in the motion to amend neither appeared in the record nor were supported by affidavits (GCR 1963, 527.3).

5. MORTGAGES—FORECLOSURE—ATTORNEYS' FEES—GENERAL RULE.

Generally, the court in an action to foreclose a mortgage will not render judgment against the mortgagor for the attorneys' fees of the mortgagee where there is no statutory provision or contractual stipulation between the parties for the allowance of such fees.

6. MORTGAGES—FORECLOSURE—ATTORNEYS' FEES.

A trial court erred in denying attorneys' fees to a mortgagee in a mortgage foreclosure action where the agreement between the parties expressly permitted the assessment of reasonable attorneys' fees in the event of foreclosure.

*Hammond, Ziegleman, Sotiroff & Fishman* (by

*Lawrence R. Abramczyk),* for Kelly Mortgage & Investment Co.

*Jeffrey A. Chimovitz,* for defendants Catsman Realty Company and Samuel M. Catsman.

Before: J.H. Gillis, P.J., and D.E. Holbrook and R.M. Maher, JJ.

Per Curiam. This action arises from a dispute over an apartment project called River Hollow, which was constructed on land owned by the Catsman Realty Company. The construction of the apartments was financed by a loan from Kelly Mortgage Company, secured by a mortgage on the premises and the personal guarantee of Samuel M. Catsman.

The suit was commenced on September 1, 1974, by the filing of a complaint by plaintiff, United Growth Company, against defendants, Catsman Realty Company, Kelly Mortgage Company, and others. On March 5, 1975, Kelly Mortgage Company filed a cross-claim for foreclosure against Catsman Realty Company. Catsman appeals the judgment granted upon that cross-claim.

On March 10, 1976, Kelly moved for a summary judgment of foreclosure of both its mortgage and a security interest which it held in personalty at the apartment project. Neither Catsman nor Catsman Realty opposed the motion, both admitting to having defaulted in their repayment obligations on the mortgage. At the conclusion of the April 7, 1976, hearing on the summary judgment motion, Catsman requested that the court establish an upset price in conjunction with the foreclosure sale, pursuant to the discretion vested in the court under MCL 600.3155; MSA 27A.3155.

Catsman's request was granted and on May 12, 1976, an appraisal was submitted to the court. The appraisers advised the court that the foreclosure sale value of the mortgaged property was $1,000,-000. After the court heard appellants' objections to the price, the judgment of foreclosure was entered in the amount of $1,000,000. No appeal was taken therefrom.

On October 15, 1976, a mortgage foreclosure sale was held, but the court refused to confirm the sale due to a deficiency in the sheriff's manner of posting notice of the sale.

A second foreclosure sale was held on April 1, 1977. Appellee purchased the property for $1,050,-000. The sale was confirmed on May 13, 1977. On June 1, 1977, appellants filed a "Motion to alter or amend judgment under GCR 1963, 527", alleging that the first sale upset price was inadequate. On June 20, 1977, the motion was heard and denied. Catsman and Catsman Realty appeal from that denial.

As a preliminary note, there is some question as to whether appellants may challenge the amount of an upset price set nearly a year before they claimed an appeal. Formerly, their appeal might have been precluded. See *Cooper v LaBuda*, 308 Mich 737; 14 NW2d 788 (1944). However, the court rules have been changed and as they now exist, they permit appellants a delayed appeal to the Court upon leave granted. Since appellants do not appear to have been negligent in filing the appeal, we shall address the merits of the case as on leave granted.

Appellants first claim that the trial court erred in using a forced sale valuation in determining the foreclosure sale upset price. We find no error.

MCL 600.3155; MSA 27A.3155 provides:

"In any forfeiture, foreclosure, or specific perform-ance case based upon a mortgage on real estate or land contract the court may fix and determine the minimum price at which the real property covered by the mort-gage or land contract may be sold at the sale under the forfeiture, foreclosure, or specific performance proceed-ings."

The statutory language itself suggests that the Legislature was avoiding the use of terms such as "fair market value" or "cost". On the contrary, the statute itself notes the forced nature of the sale by utilizing the terms, "forfeiture, foreclosure or spe-cific performance". As appellee states: "There is nothing whatsoever in the text to support the contention that the legislature viewed the sale as an arm's-length, private transaction free from con-straints wherein the best possible price can be negotiated by the seller."

Moreover, it cannot be gainsaid that the element of compulsion reduces the value of property. Sec-tion 3155 was obviously intended to prevent such compulsion from forcing the mortgage sale price too far below the price which could be obtained by a willing seller from a willing buyer. If the ele-ment of compulsion could not be considered by the court in setting the upset price, prospective buyers would probably refrain from bidding until the price was reduced. Reality requires that the court make some concession to the forced nature of the sale in setting the upset price.

Other jurisdictions have held that the element of compulsion is a proper consideration in analyz-ing the fairness of the foreclosure sale price. See *Gilbert v Lusk,* 123 Ind App 167; 106 NE2d 404 (1952), *Cromer v De Jarnette,* 188 Va 680; 51 SE2d 201 (1949), and *Orlove v National Savings & Trust Co,* 68 US App DC 387; 98 F2d 259 (1938).

It is also true, as appellees argue, that Michigan courts have consistently refused to void or otherwise alter the sale price in foreclosure sales on the basis of mere inadequacy. In *Campau v Godfrey,* 18 Mich 27, 44–45 (1869), the Supreme Court said:

"And no case has been cited, nor are we aware of any, in which an execution sale of real estate has been set aside, on motion or otherwise, for inadequacy of price alone, especially when, as in this case, it was subject to a year's redemption. *The statute giving a year's redemption seems to rest mainly upon the idea that real estate may be sold for less than its value, and to give the time of redemption mainly on this ground. This is an adequate remedy,* and if the debtor will not avail himself of it, he can not complain of it. Public policy requires that judicial sales which have been open and fair, and nothing done to prevent a sale at a higher price, should not be disturbed on the ground of inadequacy; since the effect of an opposite course would be to deter bidders, and render the prices on such sales still less. And any rule which might be laid down as to the degree of inadequacy would be wholly arbitrary." (Citation omitted.) (Emphasis supplied.)

Inadequacy of price does not justify a refusal to confirm the sale. It likewise follows that it cannot flaw the deficiency judgment resulting from such sale.

The court, then, in setting the upset price, did not err in taking into consideration the compulsion attendant to a mortgage foreclosure sale.

Appellants also complain that the trial court erred in denying defendant's motion to increase the upset price when that motion was not made until after the second sale was held and confirmed. As the reason for their motion, appellants claimed the value of the property had increased between

the setting of the foreclosure sale upset price and the second foreclosure sale.

But mortgage foreclosure proceedings are strictly statutory and courts are bound by the statutory provisions.

"Mortgage foreclosure proceedings are special and statutory and not an exercise of inherent equity powers of the court." *Wurzer v Geraldine,* 268 Mich 286, 288; 256 NW 439 (1934).

There is no provision in the mortgage foreclosure statute which expressly permits amendment of the upset price subsequent to a sale. The words in MCL 600.3155, "may be sold", clearly anticipate a future sale at the time the upset price is set.

Appellants' reliance on *Kramer v Davis,* 371 Mich 464; 124 NW2d 292 (1963), is misplaced. *Kramer* addressed itself to the issue raised by appellants and rejected appellants' theory.

"We think the language of the statute 'the court may fix and determine the minimum price at which the real property covered by the mortgage or land contract may be sold at the sale' discloses a legislative intent to authorize the court to make such determination in advance of the sale. *The statute does not say that the court may determine the minimum price at which the real property should have been sold at a sale theretofore held."* 371 Mich at 471.

The *Kramer* Court clearly construed § 3155 as giving the court the authority to set the minimum price *prior* to the sale only.

There is an additional reason for upholding the denial of appellants' motion to amend the judgment. GCR 1963, 527.3 requires that if the facts stated in the motion to amend the judgment did not appear on the record, the motion must be

supported by affidavits of the party or some other person. Catsman's allegation that the value of the property increased between the first and second foreclosure sale did not appear on the record and was not supported by affidavit. Consequently, even if it could have, the court had no basis for amending the judgment.

Finally, the trial court ruled that attorney fees could not be awarded in a judicial mortgage foreclosure as a matter of law. The court consequently refused to include such an award in the judgment of foreclosure.

The general rule as to attorneys' fees is stated as follows:

"In the absence of a statutory provision or some contractual stipulation between the parties for the allowance of attorneys' fees, the court in an action to foreclose a mortgage will not render judgment against the mortgagor for the attorneys' fees of the mortgagee." 55 Am Jur 2d, Mortgages, § 625, p 590.

In this case, however, both the mortgage executed by Catsman Realty and the guaranty signed by Samuel Catsman expressly permit the assessment of attorneys' fees in the event of foreclosure. Since attorneys' fees are expressly permitted by the terms of the mortgage and the guaranty, the general rule cited above does not apply.

In denying attorneys' fees, the trial court relied. upon *Kittermaster v Brossard,* 105 Mich 219; 63 NW 75 (1895). But *Kittermaster* stated that a court will not enforce a mortgage clause providing for attorneys' fees in a stipulated amount. The mortgage in the instant case, however, does not set a stipulated fee and *Kittermaster* does not apply. The mortgage at issue called for the payment of "all expenditures and expenses which may be

*reasonably* paid or incurred". Provisions for payment of reasonable attorneys' fees have been endorsed by our Courts. See *Wilson Leasing Co v Seaway Pharmacal Corp,* 53 Mich App 359; 220 NW2d 83 (1974).

In short, as was stated in *Butzel v Webster Apartments Co,* 112 F2d 362, 365 (CA 6, 1940):

"The rule prevails in Michigan that an agreement by a mortgagor to pay a stipulated attorneys' fee on default and foreclosure is contrary to public policy and invalid. *Curtis v Mueller,* 184 Mich 148; 150 NW 847 [1915]; *Myer v Hart,* 40 Mich 517; 29 Am Rep 553 [1879]. However, a reasonable fee may be allowed, measured by the fair value of the services rendered. *Security Trust Co v Solomon,* 241 Mich 52; 216 NW 405 [1927]".

We find that the agreement in the instant case called for reasonable attorneys' fees and such costs should have been allowed appellees. The case is therefore remanded for taking of proofs on the question of reasonable attorneys' fees to be awarded to appellees. As to the other issues, the trial court is affirmed. Costs to Kelly Mortgage & Investment Company.