Appellant, Gordon Food Service, Inc., appeals the decision of the Bedford Municipal Court which granted judgment in favor of appellant, but denied recovery of appellant's attorney fees. For the following reasons, we reverse and remand.
Gordon Food delivered goods on open account terms to Royal Garden Investment Corp. d.b.a. Royal Garden Family Steak and Buffet. Appellee, Azzam Ahmed, M.D., was president of Royal Garden Investment. In consideration of the open account extended to Royal Garden, appellee signed a personal guarantee. Appellee guaranteed payment to Gordon Food in the event of a default by Royal Garden. The Guaranty stated:
 In the event of default, the amounts due Gordon Food Service, Inc. under the Account/Credit agreement shall include all expenses for collection, including reasonable attorney fees. This Account/Credit agreement will be governed by the law of the State of Michigan and Guarantors agree that venue and jurisdiction shall lie in the County of Kent, State of Michigan.
Royal Garden defaulted on the obligation to appellant, owing $6,173.09. Appellant and appellee agreed that appellee would pay off the debt in the amount of $1,000 per month with no finance charge. Appellee made two payments of $1,000, and then ceased payment. Appellant sued appellee for the $4,092.52 owed on the debt, plus interest, costs and attorney fees.
The magistrate heard testimony[1] and found in favor of appellant in the amount of $4,092.52 plus interest and costs. The magistrate found that appellant's request for attorney fees was in contravention of public policy, citing Miller v. Kyle
(1911) 85 Ohio St. 186 and Worth v. Aetna Cas. Sur. Co.
(1987), 32 Ohio St.3d 238. The trial court rejected appellant's objections and found that attorney fees were, "unwarranted, given the issues presented." The trial court adopted the decision of the magistrate.
Appellant's assignments of error are interrelated. They state:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ACCEPTING, APPROVING AND ADOPTING THE MAGISTRATE'S DECISION FINDING THAT STIPULATIONS TO PAY ATTORNEY FEES IN AN ACTION FOR BREACH OF CONTRACT CONTRAVENE OHIO'S PUBLIC POLICY AND ARE VOID AND HENCE UNENFORCEABLE.
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ACCEPTING, APPROVING AND ADOPTING THE MAGISTRATE'S DECISION DENYING PLAINTIFF'S REQUEST FOR REASONABLE ATTORNEY FEES WHERE THE MAGISTRATE FAILED TO DETERMINE WHETHER THE STIPULATION TO PAY ATTORNEY'S FEES WAS ARRIVED AT THROUGH FREE AND UNDERSTANDING NEGOTIATION.
This court has held that a provision for payment of attorney fees in a guarantee is enforceable. Gaul v. Olympia FitnessCenter (1993), 88 Ohio App.3d 310. Prior case law held that Ohio public policy forbids contracts for the payment of attorney fees upon default of a debt obligation. Miller v. Kyle
(1911), 85 Ohio St. 186. Gaul was based upon the Ohio Supreme Court's later decision in Nottingdale Homeowner's Assoc., Inc.v. Darby (1987), 33 Ohio St.3d 32. Nottingdale held that a contract provision for attorney fees in a declaration of condominium ownership and condominium bylaws was enforceable.Nottingdale distinguished Miller v. Kyle, stating,
 Miller is factually a far cry from the case now before us which involves a specific contractual provision that was assented to in a non-commercial setting by competent parties with equal bargaining positions and under neither compulsion nor duress.
 Gaul held that Nottingdale should apply to contracts in a commercial setting which were assented to by parties with equal bargaining power, not under compulsion or duress. See alsoHilb, Royal Hamilton Agency of Dayton, Inc. v. Reynolds
(1992), 81 Ohio App.3d 330, 335-336 (employee covenant not to compete), Com-Corp Industries, Inc. v. HH Machine Tool Co. ofIowa (Oct. 31, 1996), Cuyahoga App. No. 69318, unreported (purchase order), cf. Vannoy v. Capital Lincoln-Mercury Sales,Inc. (Ross Co. 1993), 88 Ohio App.3d 138, 142 (consumer automobile loan).
The parties appear to have waived the contract provision that Michigan law applies. Neither party argued Michigan law in their appellate briefs or at the trial court. It is not clear whether Ohio law would necessarily apply to this transaction despite the contract provision. See Sekeres v. Arbaugh (1987),31 Ohio St.3d 24, 25. We note that Michigan does allow a contract provision for reasonable attorney fees. See UnitedGrowth Corporation v. Kelly Mortgage Investment Co. (1978),86 Mich. App. 82, 89, 272 N.W.2d 340.
The parties entered into a contract providing for the award of attorney fees. The contract, in and of itself, does not violate public policy or statutory law and therefore is enforceable. The trial court, however, made no determination as to whether the guarantee was made by parties with equal bargaining power, with no coercion or duress. This case, therefore is remanded to the trial court for determinations consistent with this opinion.
Accordingly, appellant's assignments of error are sustained.
The decision of the trial court is reversed and the case is remanded for further proceedings.
It is therefore considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ ANN DYKE, PRESIDING JUDGE
 _______________________________ DIANE KARPINSKI, JUDGE
 _______________________________ MICHAEL J. CORRIGAN, JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] A transcript of the testimony was not taken.