JANOWER v. F. M. SIBLEY LUMBER CO.

1. MORTGAGES—FORECLOSURE—PURCHASER NOT ENTITLED TO RE-
CEIVER TO PAY TAXES EXISTING AT TIME OF SALE.

The rule of *caveat emptor* applies with full force to a judicial
sale of premises on mortgage foreclosure, so that the mort-
gagee who bid the full amount due and purchased subject to
tax liens and defects in the premises, of which it had notice,
is not thereafter entitled to a deficiency decree or to the ap-
pointment of a receiver to pay taxes or conserve waste, where
there is no showing of any condition, or any tax or tax lien
existing other than those existing at the time of the sale.

2. SAME—FORECLOSURE IS STATUTORY PROCEEDING AND NOT MATTER
OF EQUITABLE COGNIZANCE.

The foreclosure of a mortgage is not a matter of general equi-
table cognizance, but a statutory proceeding.

Appeal from Wayne; Brown (William B.), J.,
presiding. Submitted October 23, 1928. (Docket
No. 47, Calendar No. 33,917.) Decided January 7,
1929.

Bill by Morris Janower against the F. M. Sibley
Lumber Company and others to enjoin the fore-
closure of a mortgage. Defendant F. M. Sibley
Lumber Company filed a cross-bill for foreclosure of
the mortgage. There was decree for defendant on
its cross-bill: On petition of defendant for the ap-
pointment of a receiver. From an order granting
the petition, plaintiff appeals. Reversed, and order
vacated.

*Shapero & Shapero,* for plaintiff.

*Ralph E. Routier,* for defendant F. M. Sibley
Lumber Co.

As to right of mortgagee to appointment of receiver, see annota-
tion in 26 A. L. R. 33; 36 A. L. R. 609.

CLARK, J. Morris Janower filed a bill of complaint to restrain F. M. Sibley Lumber Company, a Michigan corporation, from foreclosing by advertisement a mortgage given to it by him on premises, an apartment house, to which he had title. The mortgagee filed answer and cross-bill for foreclosure. Plaintiff's bill was dismissed. Decree of foreclosure was granted May 27, 1927, and the—

"decree provided, in substance, that the plaintiff, Morris Janower, was indebted to F. M. Sibley Lumber Company in the sum of $48,461 upon the mortgage set forth in the cross-bill of complaint of F. M. Sibley Lumber Company, and upon which F. M. Sibley Lumber Company had prayed foreclosure; and the decree further provided that unless said sum was paid on or before twenty days from the date of the decree that the premises should be sold at public auction at any time after October 27, 1927, and that any of the parties to the suit might become the purchaser, and that the proceeds of such sale be used to pay the claim of F. M. Sibley Lumber Company, and that said sale should be subject to the first mortgage of the Federal Bond & Mortgage Company.

"The decree further provided that unless the plaintiff redeemed within six months after such sale, the plaintiff be foreclosed of any right or equity of redemption in and to the said premises; and further provided that after the expiration of six months from said sale, the purchaser at said sale should be let into possession thereto. * * *

"Pursuant to the terms of this decree, the premises were sold by the circuit court commissioner on January 17, 1928, for the sum of $52,394.25 to F. M. Sibley Lumber Company, being the full sum of principal, interest, and costs found due by the decree. Attached to the report of sale was a receipt signed by Ralph E. Routier, attorney for F. M. Sibley

Lumber Company, receipting in full for the amount due under the decree, and the recapitulation shows that the sale produced sufficient moneys to pay F. M. Sibley Lumber Company's claim in full.  *  *  *

"The report of sale was filed on January 20, 1928, and on the same day an order confirming the sale was entered by Judge Marschner, and no objections were filed to the confirmation of the sale."

On February 15, 1928, the purchaser at such mortgage sale, F. M. Sibley Lumber Company, filed in the cause a petition for the appointment of a receiver, to have rents and profits and to prevent waste, meaning, to make necessary repairs and to pay taxes, alleging taxes due and unpaid and sale of the premises therefor imminent, and alleging that the premises were not clean and were out of repair. A receiver was appointed, and the order is here on appeal of Irvin Cohn, trustee in bankruptcy of Morris Janower.

The record shows no different condition of the premises as to cleanliness and lack of repair from what had existed when petitioner purchased at the foreclosure sale. It shows no other tax or tax liens on the property than those attached at the time petitioner became such purchaser.

The rule of *caveat emptor* applies with full force to this judicial sale. The petitioner, purchaser, took (35 C. J. p. 75) "subject to defects, liens, and incumbrances of which he has notice or of which he could obtain knowledge under his duty to inform himself." It purchased subject to the very tax liens of which it complains, and the premises in the condition of which it complains, and it bid the full amount due. There can be no decree for deficiency. This court has held that foreclosure of mortgage is not a matter of general equitable cognizance, but a statu-

tory proceeding (*Union Trust Co.* v. *Detroit Trust Co.*, 243 Mich. 451). Whether in any case of mortgage foreclosure a receiver may be appointed to prevent waste after sale at the instance of the purchaser, it is not necessary to discuss, for we find in fact here no showing of waste of which the purchaser has any right to complain, and no case made for appointment of receiver. See 26 A. L. R. 33, note, where the authorities relative to right of mortgagee to receiver in case of waste and in other cases are very fully reviewed. The right of a mortgagor to the rents and profits of the mortgaged premises until such time as his title is divested by perfected foreclosure is fully discussed in *Wagar* v. *Stone,* 36 Mich. 364; *Hazeltine* v. *Granger,* 44 Mich. 503; and *Lowrie & Robinson Lumber Co.* v. *Rubin, ante,* 224.

Order set aside, with costs to appellant.

NORTH, C. J., and FEAD, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.