PULLEYBLANK v CAPE

CAPE v PULLEYBLANK

Docket Nos. 97199, 104617. Submitted March 9, 1989, at Detroit. Decided August 22, 1989. Leave to appeal applied for.

   Aubrey V. Pulleyblank and others brought an action in the Wayne Circuit Court against Thomas H. Cape and Edward Jensen which resulted in a settlement agreement and a consent judgment adopting the settlement agreement. As security for the performance of the settlement agreement Thomas H. and Phyllis M. Cape granted the plaintiffs mortgages on two properties owned by them. Following a default a foreclosure by advertisement was commenced, and one of the properties was sold at a sheriff's sale to the plaintiffs, who bid an amount in excess of the amount owing on the judgment. The Capes then brought an action in the Wayne Circuit Court to enjoin the foreclosure on the other property. The court, Michael L. Stacey, J., granted a summary judgment discharging the mortgage on the second property. The court further entered an order of satisfaction and a denial of a refund in the original case. The plaintiffs appealed in both cases and the appeals were consolidated.

   The Court of Appeals *held:*

   1. A mortgagee purchaser under a foreclosure sale stands in the same position as any other purchaser. The court's ruling concerning the property and the indebtedness were correct.

   2. The grant of summary disposition was proper.

   3. The argument that the Capes waived their right to challenge irregularities in the foreclosure process was not properly before the Court, it never having been decided by the trial court.

   Affirmed.

Mortgages — Foreclosures.

   A mortgagee has the right to purchase foreclosed property and collect a deficiency, if one exists; a mortgagee purchaser under

References

Am Jur 2d, Mortgages § 658.

See the Index to Annotations under Foreclosure; Mortgages.

a foreclosure sale stands in the same position as any other purchaser.

*Federlein, Grylls & Keranen, P.C.* (by *Walter J. Federlein*), for appellants.

Before: McDONALD, P.J., and SULLIVAN and NEFF, JJ.

PER CURIAM. In these consolidated actions, Aubrey V. Pulleyblank, Dean Ward, Walton Mullins, Donald Meyers, Douglas Demitry, and Forest R. Youngblood (Pulleyblank) appeal as of right from an order of summary disposition and from an order for satisfaction of judgment. We affirm both orders.

I

The controversy involved here originated with a civil suit that resulted in a settlement agreement being executed on June 22, 1981.[1] A consent judgment adopting the settlement agreement was entered on June 25, 1981. As part of the settlement agreement, Edward Jensen and Thomas Cape were to purchase, in installments, the interests of various limited partners in Bryn Mawr, a limited partnership which apparently engaged in real estate development. As part of the security for the debt, two properties owned by Thomas and Phyllis Cape were mortgaged to Pulleyblank as collateral. One of the properties was located in Howell, Michigan, and the other was located in Plymouth, Michigan.

Cape and Jensen eventually defaulted on the

---

[1] The settlement agreement describes a complicated series of real estate dealings among the various parties which involved the Department of Housing & Urban Development, the Internal Revenue Code, bankruptcy proceedings and "other matters."

debt, and an order declaring default in the terms of the settlement agreement and consent judgment was entered on December 2, 1985.

II

Foreclosure by advertisement on both the Capes' properties was commenced, and a sheriff's sale of the Howell property took place. A sheriff's deed was issued which showed that Pulleyblank purchased the property for $251,792.

A sheriff's sale on the Plymouth property occurred in April, 1986, apparently with Pulleyblank purchasing the property with a bid of $251,749.40.

On October 15, 1986, the Capes filed a complaint for injunctive relief, claiming that the sale of the Howell property satisfied the entire debt obligation, and requesting a temporary restraining order prohibiting the transfer of ownership of the Plymouth property.

Pulleyblank thereafter filed a motion to dissolve the temporary restraining order and dismiss the Capes' complaint. At the hearing on Pulleyblank's motion, Pulleyblank maintained that the Howell property was worth only $103,000, that it was the Capes' burden to show that the property was worth the amount bid, and that there was still a deficiency on the debt for which Pulleyblank should be allowed to proceed on the foreclosure of the Plymouth property.

On September 4, 1987, an order of summary judgment discharging the mortgage on the Plymouth property was entered in favor of the Capes. That order also provided that the Capes would not recover any money for a claimed overpayment to Pulleyblank.

An order for satisfaction of judgment and denial of request for a refund was also entered in the

original case on September 4, 1987. In that order, the trial court ruled that the $251,792 bid on the Howell property constituted complete satisfaction of all indebtedness evidenced by the consent judgment and settlement agreement. Pulleyblank moved for rehearing or reconsideration on both orders entered on September 4, 1987. The trial court denied both motions.

III

Pulleyblank contends on appeal that the trial court erred in granting summary disposition to the Capes and in entering an order of satisfaction of judgment because the amount of the bid in a foreclosure by advertisement does not prevent a later deficiency judgment and because factual questions remained. The Capes argue that the "paper" bid made by Pulleyblank at the first foreclosure sale extinguished the debt and precluded Pulleyblank from enforcing the second foreclosure. The Capes also argue that there were no facts necessary for the court to determine that the debt was extinguished and that the court could have found that an overpayment occurred from the "paper" bid.

In arguing that a deficiency on the debt still existed after the sale of the Howell property, Pulleyblank relies on MCL 600.3280; MSA 27A.3280, which provides in pertinent part:

When, in the foreclosure of a mortgage by advertisement, any sale of real property has been made after February 11, 1933, or shall be hereafter made by a mortgagee, trustee, or other person authorized to make the same pursuant to the power of sale contained therein, at which the mortgagee, payee or other holder of the obligation thereby secured has become or becomes the pur-

chaser, or takes or has taken title thereto at such sale either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation, or any other person liable thereon, *it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and set-off to the extent only of the amount of the plaintiff's claim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such showing shall constitute a defense to such action and shall defeat the deficiency judgment against him, either in whole or in part to such extent.* [Emphasis added.]

Arguing from this statute, Pulleyblank contends that the "true value" of the property, rather than the bid price, should be used to determine if there is a deficiency. We believe that the statute is inapplicable to the facts of this case. The clear language of the statute provides a defense, or setoff, to a deficiency action where a purchaser purchased property for less than the value of the property. The statute does not apply where, as here, the purchase bid far exceeds the "value" of the property.

There is no question that Pulleyblank, as mortgagee, had a right to purchase the property, and collect for a deficiency, if one existed. MCL 600.3280; MSA 27A.3280; *First of America Bank-Oakland Macomb, N A v Brown,* 158 Mich App 76, 81; 404 NW2d 706 (1987). However, as a purchaser under the foreclosure sale, a mortgagee stands in the same position as any other purchaser. *Hogsett v Ellis,* 17 Mich 351, 363 (1868). If a third party

had bid and purchased this property for $251,792, regardless of its appraised value, that is the amount Pulleyblank would have received and credited on the debt. Certainly Pulleyblank could not argue in that situation that, since the property was worth only $103,000, the Capes could only receive credit for $103,000 on a debt and Pulleyblank should be able to pocket the windfall from the sale. Likewise, Pulleyblank, as the purchaser, "paid" $251,792 for the property, even though no actual cash exchanged hands. Therefore, Pulleyblank, as mortgagee, "received" $251,792 for the Howell property, and this purchase price must be applied to the debt.

IV

In this case, Pulleyblank admitted at the November 7, 1986, motion hearing that, to ensure that they obtained the property and to preclude anyone from outbidding them, they bid $251,792 for property that they now claim is worth only $103,000. As the trial court noted, this precluded other bids greater than $103,000. It also effectively precluded the mortgagors from exercising their equity of redemption.

We agree with the trial court that the $251,792 bid on the Howell property constituted full satisfaction of all indebtedness evidenced by the consent judgment and settlement agreement. It would defy logic to allow Pulleyblank to bid an inflated price on a piece of property to ensure that they would not be overbid and to defeat the equity of redemption and to then claim that the "true value" was less than half of the value of the bid.

An analogous situation was reviewed in *Janower v F M Sibley Lumber Co*, 245 Mich 571; 222 NW 736 (1929). There a mortgagee bid in at the foreclo-

sure sale for the entire amount of the indebtedness due it. It then sought a receivership because of alleged waste that occurred in the property. The Court held:

> The rule of *caveat emptor* applies with full force to this judicial sale. The petitioner, purchaser, took (35 C.J. p. 75) "subject to defects, liens, and incumbrances of which he has notice or of which he could obtain knowledge under his duty to inform himself." It purchased subject to the very tax liens of which it complains, and the premises in the condition of which it complains, and *it bid the full amount due. There can be no decree for deficiency.* [*Janower, supra,* p 573, emphasis added.]

Pulleyblank by their own actions extinguished the debt by the bid on the Howell property. It follows that there was no debt to support the foreclosure of the Plymouth property. Accordingly, the trial court's rulings concerning the Plymouth property and the indebtedness were correct.

V

We also believe that the trial court did not err in granting summary disposition in favor of the Capes. At the time the trial court found that summary disposition was appropriate, it possessed all the necessary facts to determine the balance of the debt and to determine if that balance equaled the price which Pulleyblank bid on the Howell property.

VI

We decline to address Pulleyblank's final argument that the Capes have waived their right to

challenge irregularities in the foreclosure process because that issue was not decided by the trial court. This Court's review is limited to issues actually decided by the trial court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987), lv den 430 Mich 884 (1988).

Affirmed.