**CHRYSLER CAPITAL REALTY, INC., Plaintiff–Appellant,**

v.

**Joseph J. GRELLA, Mid–America Building Associates Limited Partnership, Rene Frank and Mabon, Nugent & Co., Defendants–Appellees.**

**No. 394, Docket 90–7549.**

United States Court of Appeals, Second Circuit.

Argued Oct. 31, 1990.

Decided Aug. 19, 1991.

declined (by a 4–3 vote) to answer our query, so we are left to determine on our own plaintiff's attempt to extend Michigan law so as to provide relief from defendant's alleged fraud.

Plaintiff-appellant Chrysler Capital Realty, Inc. ("Chrysler") challenges the judgment entered in the United States District Court for the Southern District of New York, John F. Keenan, *Judge,* that granted defendant-appellee Mabon, Nugent & Co.'s ("Mabon's") motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The district court held that Chrysler, a mortgagee who had successfully bid the entire amount of the indebtedness at a foreclosure sale of the mortgaged property, could not maintain an action for damages, despite its allegations that the actual value of the property at the time of sale was much less than the indebtedness and that it had been fraudulently induced into the transaction. We agree with the district court's holding and therefore affirm the judgment.

Marvin Wexler, New York City (Kornstein, Veisz & Wexler, Howard S. Veisz and Mark Platt, of counsel), for plaintiff-appellant.

Howard R. Hawkins, Jr., New York City (Cadwalader, Wickersham & Taft, Pamela Rogers Chepiga, Gregory M. Patrick, and David DeGregorio, of counsel), for defendants-appellees.

Before NEWMAN and PRATT, Circuit Judges, and SWEET, District Judge, for the Southern District of New York, sitting by designation.

GEORGE C. PRATT, Circuit Judge:

This appeal, which arises from a large mortgage transaction gone awry, raises a novel issue under Michigan state law. For this reason, and because the issue appeared to be one of particular importance to the state of Michigan, we certified the state law issue to the Michigan Supreme Court at plaintiff's request. That court, however,

## BACKGROUND

The facts relevant to this appeal are straightforward. Chrysler, a Delaware corporation engaged in the business of real estate financing, lent $11,936,250 to defendant Mid–America Building Associates Limited Partnership ("Mid–America"), a Michigan limited partnership. The loan was made on a nonrecourse basis, but was secured by a purchase-money first mortgage on the Mid–America Building, located in Southfield, Michigan. Mabon, a New York partnership that owns 100 percent of one of the limited partners in Mid–America, arranged the mortgage loan from Chrysler to Mid–America.

Soon after the loan closing, Mid–America defaulted in the monthly interest payments, eventually leading to a foreclosure sale of the building. By the time of sale, the debt had swelled to $12,679,603.23 as a result of Mid–America's failure to pay either principal or interest. Chrysler, the only bidder at the foreclosure sale, purchased the building by bidding an amount

equal to the entire indebtedness owed by Mid–America, including accrued interest and foreclosure costs.

Chrysler then brought this action against the defendants, claiming that it had suffered $5,300,000 in damages, because the fair market value of the property at the time of the foreclosure sale was no more than $7,400,000. Essentially, Chrysler claimed that Mabon had fraudulently induced it to lend Mid–America $11,936,250 to purchase the office building. It asserted, however, a variety of claims sounding in fraud, aiding and abetting fraud, negligent misrepresentation, breach of contract, as well as vicarious tort liability for the actions of the limited partnership.

The district court dismissed Chrysler's complaint in its entirety because it found that Chrysler could not, as a matter of law, have suffered damages in the circumstances of this case. It held that Michigan law required proof of damages as an essential element of all of Chrysler's claims, and that under Michigan law, Chrysler's successful bid of the full amount of the debt at the foreclosure sale extinguished the mortgage debt. Since Chrysler was thus deemed to have been paid in full, the court held that it could not maintain any action for damages.

## DISCUSSION

■ As a preliminary matter, we agree with the district court's application of New York's choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941) (federal court in diversity action should apply choice of law rules of state in which court sits); *Entron, Inc. v. Affiliated FM Ins. Co.*, 749 F.2d 127, 131 (2d Cir.1984) (same). We also agree that under those rules, Michigan law governs the disposition of this case, because it is the state with the most significant relationship to the events giving rise to this litigation. *Machleder v. Diaz*, 801 F.2d 46, 51 (2d Cir.1986) ("[u]nder New York law a court must apply the substantive tort law of the state that has the most significant relationship with the occurrence and with the parties") (citation

omitted), *cert. denied sub nom. Machleder v. CBS, Inc.*, 479 U.S. 1088, 107 S.Ct. 1294, 94 L.Ed.2d 150 (1987).

■ We now turn to the crux of this appeal. In challenging the district court's dismissal of its complaint, Chrysler claims that the court erroneously relied on a Michigan rule distilled from *Whitestone Savings and Loan Assn. v. Allstate Ins. Co.*, 28 N.Y.2d 332, 321 N.Y.S.2d 862, 270 N.E.2d 694 (1971), which holds that a lender is deemed to have received repayment of a loan in full if, at a foreclosure sale, it successfully bids the full amount of the loan. The court found that Chrysler's voluntary, successful bid of the full amount of its debt at the foreclosure sale extinguished the mortgage debt, as well as any subsequent claim for damages. The district court reasoned that since Michigan law required proof of damages as an essential element of each of Chrysler's claims against Mabon, *see Fassihi v. Sommers, Schwartz, Silver, Schwartz & Tyler, P.C.*, 107 Mich.App. 509, 309 N.W.2d 645, 649 (Mich.Ct.App.1981) (fraud); *Prosser and Keeton on Torts* § 110, at 765 (5th ed. 1984) (negligent misrepresentation); *Shippey v. Madison Dist. Public Schools*, 55 Mich.App. 663, 223 N.W.2d 116, 119 (Mich. Ct.App.1974) (breach of contract), and Chrysler could not, as. a matter of law, assert a claim for damages, the complaint had to be dismissed.

Chrysler claims that while the legal fiction in *Whitestone* has been applied when lenders try to prove actual damages in subsequent actions based on notes or collateral agreements, it has yet to be applied to preclude lenders from pursuing fraud or other tort claims against the borrower. Chrysler argues that the Michigan courts would not apply *Whitestone* in circumstances such as those alleged here, because doing so would insulate a mortgagor's fraudulent activities, would inflict a grave injustice on the mortgagee, and would also be contrary to the *Whitestone* objective of preventing fraud. Chrysler thus urges this court to interpret Michigan law as excluding from *Whitestone's* full-payment rule

any claims based on a borrower's fraudulent conduct.

We reject Chrysler's arguments. The Michigan Supreme Court in *Smith v. General Mortgage Corp.*, 402 Mich. 125, 261 N.W.2d 710, 712 (1978), the only recent state supreme court opinion on this issue, explicitly adopted the reasoning in *Whitestone* and specifically quoted its language. The only reason the *Smith* court did not apply the *Whitestone* rule to the circumstances in *Smith* was because the rule had been previously unannounced in Michigan and its retrospective application would have been unfair to the defendants. Thus, the *Smith* opinion is important, not for its specific outcome, but for its clear approval of the *Whitestone* rule.

Since then, the Michigan Court of Appeals, an intermediate appellate court, has applied the *Whitestone* rule in other cases. *See, e.g., Bank of Three Oaks v. Lakefront Properties*, 178 Mich.App. 551, 444 N.W.2d 217, 219 (Mich.Ct.App.1989) (mortgagee that purchased property at foreclosure sale could not recover interest and other expenses accruing between the date of sale and the date the redemption expired because its bid erased any deficiency); *Pulleyblank v. Cape*, 179 Mich.App. 690, 446 N.W.2d 345, 347 (Mich.Ct.App.1989) (price paid by mortgagee for mortgaged property at foreclosure sale determined whether debt secured by mortgage had been satisfied, even though mortgagee claimed that actual value of property was less). The *Pulleyblank* court stated that "as a purchaser under the foreclosure sale, a mortgagee stands in the same position as any other purchaser." *Pulleyblank*, 446 N.W.2d at 347.

In spite of thig case law, Chrysler would have us carve out an exception to the rule whenever the mortgagee claims that the underlying mortgage transaction was induced by fraud. We decline to do so. Chrysler is technically correct in asserting that the Michigan courts have never applied *Whitestone* to the specific circumstances alleged here; nevertheless, as discussed above, the Michigan courts have explicitly adopted the *Whitestone* rule and have applied it consistently in several circumstances. These decisions mark the course of Michigan law in this area; in them, we discern no indication that would authorize or require a fraud exception to the firmly-established *Whitestone* rule.

We find no merit to Chrysler's argument that preventing the insulation of fraud would be a sufficient policy reason for the Michigan courts to depart from the application of *Whitestone*. Even assuming the asserted facts to be true, as we must for purposes of a 12(b)(6) motion, the important policy of finality in foreclosure sales must prevail in these circumstances. *See Whitestone*, 28 N.Y.2d at 337, 321 N.Y.S.2d at 866, 270 N.E.2d at 697. The *Whitestone* rule protects mortgagors from deficiency actions after a foreclosure sale and brings certainty to the foreclosure proceedings. Although a borrower may fraudulently induce a mortgage loan, the mortgagee may always limit his damages from the fraud by bidding for the security no more than its fair market value at the time of the foreclosure sale. Moreover, applying *Whitestone* in some circumstances but not in others, would, in effect, destroy its utility in all circumstances. We think that Michigan courts, after balancing the policy interests at stake, would hold that the policies embodied in *Whitestone* cannot be sacrificed even in the face of the type of fraud alleged here.

Finally, *Whitestone* itself, which has been imported into Michigan law, advises:

The rule is not harsh and it is eminently practical. None disputes that the mortgagee is entitled to recover only his debt. * * * Indeed, it is not conceivable that the mortgagee could recover a deficiency judgment against the mortgagor if it had bid in the full amount of the debt at foreclosure sale. To allow the mortgagee, after effectively cutting off or discouraging lower bidders, to take the property—and then establish that it was worth less than the bid—encourages fraud, creates uncertainty as to the mortgagor's rights, and most unfairly deprives the sale of whatever leaven comes from other bidders. Mortgagees have

the obvious opportunity to bid only so much of the debt as equals the value of the property * * *.

*Id.* In response to an argument in *Whitestone* similar to Chrysler's argument here, that the bid was made arbitrarily, the court stated: "Yet it is conjectured that the mortgagee may have improvidently bid up to the amount of the debt. * * * The fallacy of that reasoning, of course, has already been demonstrated; it overlooks the power of the obligee to alter the obligation running in his favor." 28 N.Y.2d at 337, 321 N.Y.S.2d at 866, 270 N.E.2d at 697.

## CONCLUSION

We have considered the remainder of Chrysler's contentions on this appeal and find them to be without merit. Based on the foregoing, we affirm the district court's judgment dismissing the complaint.