STEED FINANCE LDC,
Plaintiff–Appellant,

v.

NOMURA SECURITIES INTERNA-TIONAL, INC., Nomura Asset Capital Corporation and Asset Securitization Corporation, Defendants–Appellees.

Docket No. 04–5485.

United States Court of Appeals,
Second Circuit.

Sept. 14, 2005.

Demet Basar, Wolf Haldenstein Adler, Freeman & Herz LLP (Scott J. Farrell), New York, NY, for Appellant, of counsel.

Daniel C. Malone, Dechert LLP, (James E. Tolan, Dechert LLP, New York, NY, Nory Miller, Dechert LLP, Philadelphia, PA), New York, NY, for Appellees, of counsel.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-appellant Steed Finance LDC ("Steed") appeals from a September 4, 2004, order of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*) granting the motion of defendants-appellees Nomura Securities International, Inc., Nomura Asset Capital Corporation and Asset Securitization Corporation ("Nomura") for summary judgment. This appeal

was heard in tandem with *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195 (2d Cir.2005), which we decide today by published opinion.

With respect to Steed's securities fraud claims, the district court concluded that Steed had not established a genuine issue as to whether Nomura made any misrepresentations or omissions of material fact. It also concluded that "[e]ven if Steed could show that defendants misrepresented material facts, its securities fraud claim would still fail because plaintiff cannot show that it justifiably relied on any of the alleged misrepresentations or omissions" and because Steed was unable to prove scienter. Finally, the district court dismissed Steed's negligent misrepresentation claim based on its conclusion that Steed had not shown any false representation and its "control person" claim based on its conclusion that the Section 10(b) and Rule 10b–5 claims failed.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party," *Mack v. Otis Elevator Co.*, 326 F.3d 116, 119 (2d Cir.), *cert. denied*, 540 U.S. 1016, 124 S.Ct. 562, 157 L.Ed.2d 428 (2003), and "drawing all inferences and resolving all ambiguities in favor of the nonmoving party," *Preseault v. City of Burlington*, 412 F.3d 96, 101 (2d Cir. 2005). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (internal quotation marks and cita-

tion omitted). Although "[i]t is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence," *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), "sufficient evidence supporting the claimed factual dispute [must] be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial," *id.* at 289, 88 S.Ct. 1575.

To state a claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5, a plaintiff must allege that a defendant "(1) made misstatements or omissions of material fact; (2) with scienter; (3) in connection with the purchase or sale of securities; (4) upon which plaintiffs relied; and (5) that plaintiffs' reliance was the proximate cause of their injury." *In re IBM Corp. Sec. Litig.*, 163 F.3d 102, 106 (2d Cir.1998).

■ With respect to Steed's assertion that Nomura misrepresented or omitted risks associated with government investigations into Dr. Donald Desnick and the Doctors Hospital, we agree first with the district court's determination that the record conclusively establishes that Steed had access to the critical disclosure documents and, specifically, to the Doctors Hospital Asset Summary Report. As to whether the disclosures in the Asset Summary Report were sufficient, we conclude, as did the district court, that they were. The Asset Summary Report clearly disclosed that the government was investigating Doctors Hospital in connection with Medicare fraud, and stated that it was reducing the projected cash-flow by $4.6 million to account for that and other risks—a reduction based on Coopers & Lybrand's best estimate of the risk at the time. Similarly,

the Litigation Disclosure that was included in the Asset Summary Report disclosed the existence of the government's investigation into Dr. Desnick and "improper billing practices." Considering both the Litigation Disclosure and the Asset Summary Report, and in the absence of evidence that would create a genuine issue of material fact as to whether Steed had access to these documents, we conclude that because Steed was sufficiently apprised of the potential risks associated with the Doctors Hospital Loan, any reliance on the alleged misrepresentations and omissions concerning Medicare coding risks was not reasonable as a matter of law. *See Brown v. E.F. Hutton Group, Inc.*, 991 F.2d 1020, 1032 (2d Cir.1993).

 As for Steed's allegation that Nomura misrepresented the Loan's qualification as a Real Estate Mortgage Investment Conduit ("REMIC"), we conclude that the district court correctly granted summary judgment dismissing that claim because Steed has failed to provide sufficient evidence that would enable a jury to conclude that Nomura had the scienter required for such a claim. *See Novak v. Kasaks*, 216 F.3d 300, 310 (2d Cir.), *cert. denied*, 531 U.S. 1012, 121 S.Ct. 567, 148 L.Ed.2d 486 (2000). Nomura contends that it relied on the expertise of counsel from Cadwalader, Wickersham & Taft to determine whether that the loans in question were REMIC-qualified. The REMIC counsel expert explained in his deposition testimony the method by which he had arrived at his conclusion that the Loan was REMIC-qualified, a method that he testified was standard in the industry and against which Steed has not provided any evidence to suggest otherwise. We con-

clude that Steed has not proffered evidence sufficient to create a material issue of fact as to the required element of scienter, and accordingly we affirm the district court's grant of summary judgment with respect to this claim.

 Because we affirm the district court's grant of summary judgment as to Steed's Section 10(b) and Rule 10b–5 claims, we must also affirm the district court's grant of summary judgment with respect to Steed's Section 20(a) claim because it depends on "a primary violation by a controlled person." *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir.1998). Finally, we affirm the district court's grant of summary judgment to Nomura on Steed's negligent misrepresentation claim. Even assuming that Nomura "made a false representation that [it] should have known was incorrect," *Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20 (2d Cir.2000), in the absence of any evidence of a "special relationship" between Steed and Nomura, which expressly disclaimed any warranties to Steed in its private placement memorandum, summary judgment as to Steed's claim for negligent misrepresentation was properly granted by the district court under New York law, *see id.; Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 789 (2d Cir.2003).[1]

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

1. We reject Steed's contention that New Jersey rather than New York law applies to the negligent misrepresentation claim. New York, not New Jersey, is the state "with the most significant relationship to the events giving rise to this litigation," *Chrysler Capital Realty, Inc. v. Grella*, 942 F.2d 160, 162 (2d Cir.1991), because New Jersey's only relationship to the litigation is the presence there of Steed's investment advisor.