# STATE OF MICHIGAN

# COURT OF APPEALS

SA CHALLENGER, INC.,

        Plaintiff-Appellee,

v

JOHN-PIERRE MENDOZA,

        Defendant-Appellant,

and

CATHERINE MENDOZA,

        Defendant.

UNPUBLISHED
July 26, 2016

No. 327049
Eaton Circuit Court
LC No. 14-001445-CK

Before: STEPHENS, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Defendant, John-Pierre Mendoza, appeals as of right from the trial court's grant of summary disposition in favor of plaintiff in plaintiff's action seeking a deficiency judgment after foreclosure of a mortgage.[1] We affirm.

In 2007, defendant, a California resident, obtained a loan for $2,165,000 secured by a mortgage on real property located in Eaton County. The loan and the mortgage were assigned to plaintiff in August 2014. Plaintiff subsequently commenced foreclosure by advertisement and purchased the property at a sheriff's sale on November 6, 2014, with a bid of $1,081,000.

Plaintiff filed a complaint on November 17, 2014, averring that after the foreclosure sale defendant still owed $1,086,566.14 under the note evincing the indebtedness. Plaintiff claimed breach of contract and sought money damages for that amount.

---

[1] We note that the complaint was dismissed against Catherine Mendoza, now known as Catherine Tripp, after she acknowledged that she had "no right, title, and/or interest in the real property." Accordingly, when "defendant" is used in this opinion it will refer to defendant John-Pierre Mendoza only.

-1-

On January 9, 2015, defendant, acting *in propria persona*, filed his answer to the complaint. Defendant admitted to "not paying the loan in full" but averred that "he has defenses to the obligation to do so." Such defenses included lack of jurisdiction, insufficient process, fraud and misrepresentation, and unjust enrichment. Defendant denied plaintiff's allegations that the true value of the property was not greater than $1,081,000 at the time of the foreclosure sale and that he owed $1,086,566.14 under the note.

Plaintiff moved for summary disposition on February 26, 2015, pursuant to MCR 2.116(C)(9) (no valid defense) and MCR 2.116(C)(10) (no genuine issue of material fact). Defendant, at that point represented by counsel, responded to plaintiff's motion on April 2, 2015. In an affidavit attached to his response, defendant stated that

> [t]he Assessed Value of the Property was $766,600 on November 6, 2014. A copy of tax information from Delta Charter Township records is attached as Exhibit A1. Property shall be assessed at 50% of its true cash value. MCL 211.27a(1). Thus, there is evidence the true value of the property was $1,533,200, which is over $452,000 more than bid by plaintiff.

Defendant argued that he therefore had a defense to plaintiff's claim under MCL 600.3280, which provides that it shall be a defense to a deficiency action ". . . if the property involved was fairly worth the amount of the debt secured by it at the time . . . of sale or that the amount bid was substantially less than its true value . . . ." See also, *First American Bank-Oakland Macomb, NA v Brown*, 158 Mich App 76, 79; 404 NW2d 706 (1987).

At the hearing on plaintiff's motion, the trial court questioned whether the statute was a defense to liability or to damages, suggesting that it was the latter. Defendant argued that it was "a defense to the liability, as well as to the damages." The trial court then found defendant's affirmative defenses unavailing for various reasons and ruled that summary disposition under subrule (C)(9) was appropriate. The trial court also ruled that summary disposition was proper under subrule (C)(10) because the parties only disputed the amount of the damages.

After the trial court gave its ruling, defendant said that he did not hear any discussion of the "defense of true value." The trial court stated that it was going to rule as requested by the plaintiff because it did not "think that there has been an issue raised," but stated that it would "entertain a motion, if the defendant wants to file one, to have a hearing questioning that, the value of the property." The trial court noted that it "was on the verge of determining that this response violates MCR 2.114 and that it was interposed merely for delay," and cautioned defendant that it would "watch carefully if we have to have that hearing and there aren't more substantial proofs than whatever the assessed value happened to be at the time."

The trial court entered a judgment ordering defendant to pay $1,095,205.57 as well as "the cost of enforcement" of the judgment, "including but not limited to, reasonable attorney fees, together with statutory costs and interest accruing thereon together, until full satisfaction thereof has been made." This appeal followed.

We review de novo a trial court's ruling on a motion for summary disposition. *Alcona Co v Wolverine Environmental Production, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998).

"A motion for summary disposition pursuant to MCR 2.116(C)(9) tests the sufficiency of the defendant's pleadings, and is appropriately granted where the defendant has failed to state a valid defense to a claim." *Payne v Farm Bureau Ins*, 263 Mich App 521, 525; 688 NW2d 327 (2004). "Summary disposition under MCR 2.116(C)(9) is proper when the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Slater v Ann Arbor Public Schools Bd of Ed*, 250 Mich App 419, 425-426; 648 NW2d 205 (2002). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rosewood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id*. "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*.

Defendant first argues that the trial court failed to consider MCL 600.3280 as a proffered defense in ruling under subrule (C)(9). Defendant raised MCL 600.3280 as a defense in his brief opposing plaintiff's motion for summary disposition. However, "MCR 2.116(C)(9) tests the sufficiency of the defendant's pleadings" and "[p]leadings include only complaints, cross-claims, counterclaims, third-party complaints, answers to any of these, and replies to answers." *Payne*, 263 Mich App at 525; *Slater*, 250 Mich App at 425. Looking only at defendant's pleadings, i.e., his answer and attached affirmative defenses, defendant's general denial of plaintiff's assertion that the true value of the property was not greater than $1,081,000 at the time of the foreclosure sale was not tantamount to alleging that the property "was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value." MCL 600.3280. Accordingly, defendant failed to properly plead MCL 600.3280 as a valid defense and the trial court did not err by declining to consider it when ruling under subrule (C)(9).

Defendant also contends that summary disposition under subrule (C)(10) was improper because there was a genuine issue of fact regarding the property's true value, implicating the defense afforded by MCL 600.3280. Setting aside defendant's failure to properly plead that defense, the trial court seemed to interpret the issue of the property's true value as concerning the amount of plaintiff's damages. Summary disposition should be granted under subrule (C)(10) when "*[e]xcept as to the amount of damages*, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10) (emphasis added).

MCL 600.3280 provides a defense to a deficiency claim when the defendant can

> allege and show . . . that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such showing shall constitute a defense to such action and shall defeat the deficiency judgment against him, either in whole or in part to such extent.

"The clear language of the statute provides a defense, or setoff, to a deficiency action where a purchaser purchased property for less than the value of the property . . . ." *Pulleyblank v Cape*,

179 Mich App 690, 694; 446 NW2d 345 (1989). Thus, depending on the foreclosure bid, the property's true value, and the deficiency amount, MCL 600.3280 can function either as a complete defense against a deficiency judgment or as merely a setoff against it. In this case, plaintiff purchased the property for $1,081,000 and defendant alleged that the true value of the property was "over $452,000 more than bid by plaintiff." Even after applying proceeds from the foreclosure sale and sums received from defendant, there still remained $1,086.566.14 due on the note from defendant. In all likelihood, defendant would have only been entitled to a setoff, at most, had he pursued a hearing on the property's true value. In any event, the trial court did not err in framing the issue of the true value as relating to the amount of damages plaintiff was entitled to because defendant has not asserted any irregularity in the foreclosure proceeding or denied that he failed to pay on the note. The trial court thus appropriately granted summary disposition in plaintiff's favor pursuant to MCR 2.116(C)(10) because, except as to the amount of damages, there were no genuine issues of material fact.

We note that MCR 2.116(I)(5) provides that when a court grants summary disposition "based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Here, the trial court essentially afforded defendant an opportunity to pursue the defense of true value by offering to hold a hearing on the property's value. At that hearing, defendant could have submitted evidence that the foreclosure bid was substantially less than the property's true value. Hence, allowing defendant to amend his complaint would not have afforded him greater relief than would the hearing suggested by the court and amendment would not have been justified.

Defendant suggests that he was wrongly deterred from pursuing a hearing on the property's value by the trial court's warning that it would be "watch[ing] carefully" at the hearing for "more substantial proofs." Quite simply, we find nothing improper about the trial court's comments. In *Carpenter v Smith*, 147 Mich App 560, 570; 383 NW2d 248 (1985), the Court stated:

> Defendants[, who were challenging the adequacy of a foreclosure sale price that was less than the state equalized value] submitted no real evidence of the property's value. The state equalized value does not reflect the forced nature of the foreclosure sale. "[The] element of compulsion reduces the value of property." *United Growth Corp v Kelly Mortgage & Investment Co*, 86 Mich App 82, 86; 272 NW2d 340 (1978), lv den 406 Mich 855 (1979). "Reality requires that the court make some concession to the forced nature of the sale." *Id*.

The trial court properly advised defendant that he would have to present more substantial proofs than the state assessed value.

Defendant also argues that the trial court wrongly found his affidavit to be inadequate for containing speculative language. We decline to address this issue because we affirm the trial court's ruling under subrule (C)(9), which was made with reference only to defendant's pleading. Therefore, the affidavit's adequacy is a moot issue that we will not address. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

Finally, defendant objects to the possibility of paying the attorney fees incurred after the deficiency judgment was entered. Defendant does not dispute, however, that he agreed "to pay reasonable attorney fees as well as any costs of suit" incurred in collecting on the note upon his default. One exception to the general rule that attorney fees are not recoverable as costs or damages is where the parties' contract provides for attorney fees. *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007). And "[a] contractual provision for reasonable attorney fees in enforcing provisions of the contract may validly include allowance for services rendered upon appeal." *Central Transport, Inc v Fruehauf Corp*, 139 Mich App 536, 549; 362 NW2d 823 (1984). Under the circumstances, we see no error in an order contemplating postjudgment attorney fees.

Defendant suggests that the merger doctrine, whereby a mortgage is extinguished when the mortgagee obtains title to the property, *Union Bank & Trust Co, NA v Farmwald Development Corp*, 181 Mich App 538, 547; 450 NW2d 274 (1989), somehow bars the trial court from awarding attorney fees incurred after a deficiency judgment is entered. Defendant fails to explain the reasoning behind this proposition and this Court therefore considers it abandoned. "A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *National Waterworks, Inc v Int'l Fidelity & Surety, Ltd,* 275 Mich App 256, 265; 739 NW2d 121 (2007).

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher